**BLITCH FORD, INC., Plaintiff,**

**v.**

**MIC PROPERTY AND CASUALTY INS. CORP. and Robert F. Williams, Defendants.**

**No. 7:97–cv–21(WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Nov. 20, 1997.

Berrien L. Sutton, Homerville, GA, Daniel Laverne Studstill, Nashville, GA, for Blitch Ford, Inc.

Clayton H. Farnham, William P. Claxton, Atlanta, GA, for MIC Property and Cas. Ins. Corp.

Alan David Tucker, Brunswick, GA, for Robert F. Williams.

## *ORDER*

OWENS, District Judge.

Defendant Robert Williams has moved to disqualify Berrien Sutton as counsel for Blitch Ford. Williams claims Sutton must be disqualified because (1) Sutton represented Williams from April through November of 1991 in his divorce proceeding and in so doing was exposed to confidential information regarding the financial conditions of both Bob Williams Ford and Williams himself, and (2) because he is likely to be a witness at the trial of this matter. Sutton and plaintiff vigorously deny that Sutton gained any confidential information during his representation of Williams, that the divorce matter and this matter are not substantially related in any way, and that Sutton knows no information that would make it likely that he will be called as a witness at trial.

Using Canon 4 of the American Bar Association's Code of Professional Responsi-

bility as a guide, the Eleventh Circuit has created a two-part test for determining whether counsel should be disqualified. First, the party seeking disqualification must prove that it once enjoyed an attorney-client relationship with the opposing lawyer. Second, the movant must show that the matters embraced within the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented the movant. *Cox v. American Cast Iron Pipe Company,* 847 F.2d 725, 728 (11th Cir.1988). "Only when the moving party delineates with specificity the subject matters, issues, and causes of action presented in former representation can the district court determine if the substantial relationship test has been met." *Id.* at 730 (*quoting Duncan v. Merrill Lynch, Pierce, Fenner & Smith,* 646 F.2d 1020, 1029 (5th Cir. Unit B), *cert. denied* 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981)).

Because Sutton directly represented Williams in his divorce proceeding, the first prong is met. However, Williams has failed to provide the specificity required for the court to make a determination as to whether the current matter is substantially related to the divorce proceeding. Williams has stated that "by knowing intimate details of Williams's and Bob Williams Ford's financial situation, Sutton may have a unique and unfair advantage in trying to prove that Williams owes Blitch Ford for sums owed to F & M, for having converted property, and for unauthorized expenditures" (Williams' Reply Brief, at 3). Beyond these vague assertions, Williams has provided no facts that could justify the court in finding a substantial relation between Williams' divorce and this matter. Nor has Williams provided any facts indicating that Sutton is likely to be called as a witness at trial.

The court fails to see how the two matters are related based on the information currently before it, and therefore the motion is **DENIED** subject to Williams' right to refile same and provide a more detailed showing of the specific issues that the two matters have in common. Until that time, the court can-

not infringe on the plaintiff's right to retain the counsel of their choice.